Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0920 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Thomas R Ames (#B-51770) vs. Michael P. Randle, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders correctional officials to deduct $23.40 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. Jeremy Todd Pfeifer / Pfeifer and Pfeifer / 701 Main Street, Suite 201 / Evanston, Illinois 60202 / (847) 864-5510 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. The plaintiff's motion for a preliminary injunction [#5] is denied.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Stateville Correctional Center, have violated the plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement and by acting with deliberate indifference to his health and safety. More specifically, the plaintiff alleges that his unsanitary environment has engendered health conditions such as fungal infections; that a toxic floor buffer has caused respiratory problems; that exposure to lead-based paint has caused him to suffer from constipation; that his cellhouse is unbearably hot; and that correctional officials intentionally maintain elevated noise and light levels at night to cause sleep deprivation, among other living conditions with which he takes issue.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $23.40. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the **(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates a colorable federal cause of action. The Eighth Amendment requires that inmates be furnished with basic human needs. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Christopher v. Buss*, 384 F.3d 879, 881-82 (7th Cir. 2004); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("The state must provide an inmate with a healthy, habitable environment") (citation omitted). Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994); *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004).

Due to the serious nature of the plaintiff's allegations, his motion for appointment of counsel is granted. The court hereby appoints Jeremy Todd Pfeifer / Pfeifer and Pfeifer / 701 Main Street, Suite 201 / Evanston, Illinois 60202 / (847) 864-5510 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.

Finally, the plaintiff's motion for a preliminary injunction is denied. The prerequisites to the granting of a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), *quoting FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, *citing Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

**(CONTINUED)**

**STATEMENT (continued)**

Here, the plaintiff has not met his burden. The plaintiff seeks immediate distribution of new mattresses, installation of desks, stools, and shelves, removal of all lead paint, removal of nights lights, a complete cleaning of his cellhouse, and an order barring continued use of the floor buffers. However, none of these concerns is sufficiently serious to warrant emergency injunctive relief on the basis of the undeveloped record. Monetary damages and injunctive relief will provide adequate redress should the plaintiff ultimately prevail on his claims.